FILED
9/9/20 4:32 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CONCILIATION CONFERENCE MINUTES

### Conciliation Conference:

Debtor: Howard L. Porterfield, Jr.
Janet S. Porterfield
Case Number: 19-11037-TPA    (Chapter 13)
Date / Time / Room: 09/01/2020 01:30 pm /Bankruptcy Courtroom
Hearing Officer: CHAPTER 13 TRUSTEE

**Matter:**  #8 - Cont. Final Confirmation of Plan dated 10/15/19 (NFC)

**Appearances:**

*Bedford (Seelinger)*  —  PLEASE SUBMIT CONFIRMATION ORDER

Debtor:
Trustee: Winnecour / Katz / (DeSimone)
Creditor:

### Proceedings:

Recommended Outcome:

1. ____ Case Converted to Chapter 7
2. ____ Case Converted to Chapter 11
3. ____ Case Dismissed without Prejudice
4. ____ Case Dismissed with Prejudice
5. ____ Debtor is to inform Court within _____ Days their preference to Convert or Dismiss
6. ____ The plan payment/term is increased/extended to _____, effective _____.
7. ____ Plan/Motion continued to _____ at _____.
8. ____ An Amended Plan is to be served on all creditors and certificate of service filed by Objections are due on or before _____.
   A hearing on the Amended is set for _____ at _____.
9. ____ Other:

**For Judge Agresti cases:**
Student Loan Debt: If the pro rata or timing of the proposed plan payment on student loan debt differs in any respect to that of the unsecured debt in the case, describe such differences and reasons for disparate treatment:

**PORteRField, JR.**
Debtor(s)

Case No. 19-11037 JAD/**TPA**/CMB/GLT

Chapter 13 Plan dated: 10-15-19

Issued per the  9 / 1 / 20  Proceeding

Next Hearing Date _____
& time

*The Parties, including the Debtor(s) and the Attorney for the Debtor(s), if any, hereby agree as follows:*

☐ (1) No Changes to standard confirmation order.

(2) Changes to the standard Confirmation Order as indicated

☑ A. For the remainder of the Plan Term, the Plan payment is amended to be $ **2206** as of **9-20**. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. 506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. 507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. _____ shall be paid monthly payments of $ _____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim:
**Bayview Loan servicing (cl #31)**

☑ H. Additional Terms:
☐ Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

**Ally Financial (cl #15) to be paid per order of AP 20-1014 (doc 10)**